UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSLARITY, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>GRAND JUNCTION SEMICONDUCTOR PTE. LTD., *et al.*,<br><br>    Defendants. | Case No. 24-cv-02423-SI<br><br>**ORDER DENYING "MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION," CONSTRUED AS MOTION SEEKING CERTIFICATION FOR INTERLOCUTORY APPEAL**<br><br>Re: Dkt. No. 78 |

On December 23, 2024, plaintiff Translarity Inc. filed a "motion for leave to file a motion for reconsideration" pursuant to Civil Local Rule 7-9(b). Although framed as such a motion, Translarity states that it does not ask the Court to reconsider its rulings in the Court's October 29, 2024 Order Granting in Part Defendants' Motion to Compel Arbitration and Staying Remaining Proceedings. Instead, Translarity requests that the Court issue an order pursuant to 28 U.S.C. § 1292(b) certifying the October 29, 2024 order for interlocutory appeal.

"Section 1292(b) provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025-26 (9th Cir. 1981). The district court may certify an order for interlocutory appellate review under § 1292(b) if it finds that three requirements are met: (1) there is a "controlling question of law"; (2) there are "substantial grounds for difference of opinion"; and (3) "an immediate appeal may materially advance the ultimate termination of the litigation." *Id.* at 1026; *see also* 28 U.S.C. § 1292(b). "The legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. Translarity asserts that the controlling of issue of law appropriate for interlocutory appeal is

whether the court or the arbitrator should decide questions of arbitrability, citing two cases that Translarity relied upon in its briefing opposing defendants' motion to compel arbitration.

On January 6, 2025, defendants filed an opposition to Translarity's motion, contending that Translarity's motion is procedurally and substantively defective. Defendants argue, *inter alia*, that there is no basis for an interlocutory appeal because there is no "substantial ground for difference of opinion" with respect to the substance of the Court's order.

The Court agrees with defendants and finds that Translarity has not established that interlocutory appeal is appropriate. Relying on *Oracle America, Inc. v. Myriad Group A.G.*, 724 F.3d 1069, 1072 (9th Cir. 2013), the Court's October 29, 2024 Order held that the arbitrability of plaintiff's claims was a question for the arbitrator, not the court, because Translarity and Grand Junction are sophisticated parties and the parties' commercial contract incorporated SIAC Arbitration Rules. *See* Order at 13-15 (Dkt. No. 76); *see also Oracle Am.*, 724 F.3d at 1075 ("We hold that as long as an arbitration agreement is between sophisticated parties to commercial contracts, those parties shall be expected to understand that incorporation of the UNCITRAL rules delegates questions of arbitrability to the arbitrator.").[1]

Translarity contends that two cases present a "substantial ground for difference of opinion" with *Oracle America*. The Court already explained why *Mondragon v. Sunrun Inc.*, 101 Cal. App. 5th 592 (2024) – a state court case – is inapposite, including that the plaintiff in *Mondragon* was not a sophisticated party. *See* Order at 14. The other case cited by Translarity, *Jackson v. Amazon.com, Inc.*, 65 F.4th 1093 (9th Cir. 2023), similarly did not involve an arbitration agreement between two sophisticated parties; the plaintiff was a delivery driver who sought to bring a class action against Amazon alleging that Amazon monitored and wiretapped the drivers' conversations when they communicated during off hours in closed Facebook groups. *Id*. at 1095. Moreover, in *Jackson* the dispute centered on which arbitration agreement applied, a 2016 agreement or a 2019 agreement, and the parties agreed that if the 2016 agreement applied, the court decided arbitrability, while if the 2019 agreement applied, the arbitrator decided that issue. *Id*. at 1098 ("The parties agree that under

---

[1] The SIAC Arbitration Rules and the UNCITRAL Arbitration Rules are nearly identical.

1 the 2016 TOS, the court should decide whether the dispute is arbitrable and whether Amazon's
2 motion to compel arbitration should be granted. . . . The arbitration provision in the 2019 TOS is
3 broader because it requires the question of arbitrability itself to be determined by the arbitrator, not
4 the court.  The question, here is whether Jackson accepted the 2019 TOS.").  Thus, *Jackson* did not
5 address the question presented in *Oracle America*, and *Jackson* does not represent a "substantial
6 ground for difference of opinion" with *Oracle America*.

7        Accordingly, the Court DENIES Translarity's motion.

9 **IT IS SO ORDERED**.

11 Dated: January 15, 2025

                                   SUSAN ILLSTON
                                   United States District Judge